Electronically Filed
Intermediate Court of Appeals
CAAP-14-0001016
05-MAR-2015
07:45 AM

NO. CAAP-14-0001016

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

MICKEY A. MADDOX, Plaintiff-Appellant, v.
MAUI POLICE DEPARTMENT, et al., Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 13-1-0900(1))

ORDER
(1) DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
AND
(2) DENYING AS MOOT ALL PENDING MOTIONS IN
APPELLATE COURT CASE NUMBER CAAP-14-0001016

(By: Fujise, Presiding Judge, Leonard and Reifurth, JJ.)

Upon review of the record, it appears that we lack appellate jurisdiction over this appeal that Plaintiff-Appellant Mickey A. Maddox (Appellant Maddox) has asserted from the Honorable Rhonda I.L. Loo's June 12, 2014 order of dismissal pursuant to Rule 12(q) of the Rules of the Circuit Court of the State of Hawai'i (RCCH) and June 30, 2014 order denying Appellant Maddox's motion to set aside the June 12, 2014 RCCH Rule 12(q) dismissal order, because the circuit court has not yet reduced these two interlocutory orders to a separate judgment.

Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2014 authorizes appeals to the Hawai'i Intermediate Court of Appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP) requires that "[e]very judgment shall be set forth on a separate document." Based on this requirement,

the Supreme Court of Hawai'i has held that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994). "Thus, based on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." Carlisle v. One (1) Boat, 119 Hawai'i 245, 254, 195 P.3d 1177, 1186 (2008); Alford v. City and Count of Honolulu, 109 Hawai'i 14, 20, 122 P.3d 809, 815 (2005) ("[A]n order disposing of a circuit court case is appealable when the order is reduced to a separate judgment." (Citation omitted; emphasis added)). For example, the Supreme Court of Hawai'i has explained that, "[a]lthough RCCH [Rule] 12(q) [(regarding dismissal of claims for want of prosecution)] does not mention the necessity of filing a separate document, HRCP [Rule] 58, as amended in 1990, expressly requires that 'every judgment be set forth on a separate document.'" Price v. Obayashi Hawaii Corporation, 81 Hawai'i 171, 176, 914 P.2d 1364, 1369 (1996) (emphasis added)).

The June 12, 2014 RCCH Rule 12(q) dismissal order and the June 30, 2014 order denying Appellant Maddox's motion to set aside the June 12, 2014 RCCH Rule 12(q) dismissal order are interlocutory orders. On September 23, 2014, the circuit court clerk entered the record on appeal for appellate court case number CAAP-14-0001016, which does not contain a separate judgment. Although exceptions to the final judgment requirement exist under the doctrine in Forgay v. Conrad, 47 U.S. 201 (1848) (the Forgay doctrine), the collateral order doctrine, and HRS § 641-1(b) (1993 & Supp. 2014), the June 12, 2014 RCCH Rule 12(q) dismissal order and the June 30, 2014 order denying Appellant Maddox's motion to set aside the June 12, 2014 RCCH Rule 12(q) dismissal order do not satisfy the requirements for appealability under the Forgay doctrine, the collateral order doctrine, and HRS § 641-1(b). See Ciesla v. Reddish, 78 Hawai'i 18, 20, 889 P.2d 702, 704 (1995) (regarding the two requirements for appealability under the Forgay doctrine); Abrams v. Cades, Schutte, Fleming &

Wright, 88 Hawai'i 319, 322, 966 P.2d 631, 634 (1998) (regarding the three requirements for the collateral order doctrine); HRS § 641-1(b) (regarding the requirements for an appeal from an interlocutory order). Absent an appealable final judgment, we lack appellate jurisdiction.

Therefore, IT IS HEREBY ORDERED that this case number is dismissed for lack of appellate jurisdiction.

IT IS FURTHER HEREBY ORDERED that all pending motions in appellate court case number CAAP-14-0001016 are denied as moot.

DATED: Honolulu, Hawai'i, March 5, 2015.


Presiding Judge


Associate Judge


Associate Judge